WANCHOO LAW OFFICES, LLP
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:     (646) 355-0244
E-mail: rwanchoo@wanchoolaw.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AGRIBUSINESS UNITED DMCC,

                Plaintiff,

      - against -

FISWAY S.A.,

                Defendant.

-------------------------------------------------------------X

ECF CASE

19 Civ. 2568

**VERIFIED COMPLAINT**

The Plaintiff, Agribusiness United DMCC (hereinafter "Agribusiness" or "Plaintiff"), by its attorneys, Wanchoo Law Offices, LLP, as for its Verified Complaint against the Defendant, Fisway S.A. (hereinafter "Fisway" or "Defendant"), alleges upon information and belief as follows:

**Jurisdiction and Nature of Case**

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333 because this action arises from a maritime contract, i.e., demurrage and detention claims arising under a charter party agreement for an ocean-going vessel.

1

3.      The Plaintiff brings this action to obtain security for a maritime claim pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") and Section 8 of the Federal Arbitration Act, 9 U.S.C. § 8, in order to obtain security and jurisdiction. The writ is to be directed at the Defendant's tangible or intangible property located in this district, including bank accounts owned by the Defendant. No waiver is intended of the rights of Agribusiness to commence and/or to continue in arbitration in accordance with the provisions, terms, and conditions of the sale contract described below, which rights are specifically reserved.

### The Parties

4.      At all times pertinent hereto, Agribusiness United DMCC was and is a business entity existing under the laws of Dubai, United Arab Emirates.

5.      At all times pertinent hereto, Defendant Fisway S.A. was, and still is, a company, business organization, or entity organized and existing under and by virtue of the laws of a foreign country.

### Agribusiness's Claims

6.      Pursuant to the Contract, Defendant agreed to sell about 5,000 metric tons of Argentine feed barley to Plaintiff free on board San Lorenzo, Argentina with delivery dates January 15 to February 15, 2012. The Contract provided that demurrage/despatch rate "as per charter party." A true and correct copy of the Contract No. DIM 0269 dated December 23, 2011 is attached hereto as Exhibit A.

7.      In performance of the Contract, Plaintiff chartered the M.V. SAGA NAVIGATOR ("Vessel") for the carriage of the barley from San Lorenzo to Casablanca, Morocco. Plaintiff incurred demurrage on the Vessel at both the loading and discharge ports. Defendant's share of demurrage amounted to $42,094.17 at the loading port, which the Defendant has failed to pay

despite due demand. A true and correct copy of Plaintiff's Debit Note addressed to the Defendant dated April 30, 2012 along with supporting laytime/demurrage calculations is attached hereto as Exhibit B.

8.    Under the rules of The Grain and Feed Trade Association ("GAFTA"), Defendant was to provide the shipping documents three (3) days before the Vessel's arrival at the discharge port. The Vessel arrived at Casablanca on February 28, 2012 and the bill of lading was delivered only on March 2, 2012. The Vessel therefore was detained for three days at the discharge port. Plaintiff has incurred detention of $66,000 ($22,000 x 3 days) calculated at the Vessel's demurrage rate due to Defendant's breach of Contract. The Defendant has failed to pay the detention claim despite due demand. True and accurate copies of the Vessel's fixture nomination, notice of readiness, and communications relating to "document" delivery are attached hereto as Exhibit C.

9.    Under the terms of the Contract any dispute between the parties shall be subject to London arbitration in accordance with GAFTA Rules 125.. The Plaintiff has commenced arbitration in London against the Defendant. In addition to its demurrage claim, Plaintiff is also entitled under GAFTA Rules 125 to an award of costs including fees and expenses incurred by the tribunal, which as best as can presently be calculated are $72,000.00.

10.   Arbitration of these disputes may take 2 years.  Plaintiff is entitled to and would receive interest on the unpaid demurrage and detention under GAFTA rules at 2.5% over the New York Prime rate or 7.75%, compounded every 3 months on $108,094.17, from April 30, 2012 to the completion of the arbitration or about $111,772.54.

11.   Plaintiff's total claim against Defendant for which it seeks security herein is $291,866.71 ($108,094.17 + $111,772.54 + $72,000.00).

15.   Fisway is therefore liable to Agribusiness for its damages in an amount which cannot yet

be precisely calculated but which is believed to $291,866.71.

## BASIS FOR ORDER OF RULE B ATTACHMENT

16. Agribusiness asserts this maritime cause of action in personam for breach of Contract against Fisway.

17. Fisway does not have an authorized agent for service of process in the Southern District of New York, does not have any listed telephone number in the major cities in this district, and does not maintain any office in this district. Hence, Fisway cannot be found within the Southern District of New York for purposes of Rule B.

18. Upon information and belief, there is now within this district certain tangible or intangible property of the Defendant, Fisway, including a bank account with Rabobank International, New York branch and Standard Chartered bank, New York.

19. The Plaintiff seeks issuance of an order from this Court directing the Clerk of the Court to issue a process of maritime attachment and garnishment pursuant to Rule B, attaching Defendant's property in the form of credits or funds for the ultimate benefit of Defendant in the hands of Rabobank International and Standard Chartered bank for the purpose of securing the Plaintiff's claims as described herein.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays as follows:

1. That a summons with process of attachment and garnishment may issue against the Defendant and that if it cannot be found, that its property whether real or personal, tangible or intangible presently existing or hereinafter arising which could be assigned or transferred including, but not limited to cash, deposits, instruments, securities, security entitlements, security accounts, equity interests, credits or debits assigned to or for the

benefit of the Defendant within the district may be attached in an amount sufficient to answer the Plaintiff's claim, and in an amount not less than $291,866.71 ;

2. That Defendant and any other person or entity claiming an interest therein may be cited to appear in the matters aforesaid and that judgment be entered against the Defendant and in favor of the Plaintiff in an amount not less than of $291,866.71 ;

3. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and,

4. That this Court grant the Plaintiff such other and further relief which it may deem just and proper.

Dated: New York, New York
March 22, 2019

Respectfully submitted,

*Rahul Wanchoo*

_____
Rahul Wanchoo, Esq
Wanchoo Law Offices, LLP
350 Fifth Avenue, 59th Floor
New York, NY 10118
Telephone: (646) 593-8866
Email: rwanchoo@wanchoolaw.com

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION

### UNSWORN DECLARATION PURSUANT TO 28 U.S.C. § 1746

I have read the foregoing pleading, and I declare under penalty of perjury under the laws of the United States of America that the facts recited in the foregoing pleading are true and correct.

3/22/2019
Date

Abderrahim Abou El Ouafa
Managing Director
Agribusiness United DMCC